# NOVEMBER 7, 1934

### Jose Aguilar v. The State.

No. 16927.   Delivered October 10, 1934.
Rehearing Denied November 7, 1934.
Reported in 75 S. W. (2d) 445.

248

The opinion states the case.

*Grady L. Fox,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully carrying a pistol, punishment assessed at a fine of $100.

The State's case made by two officers, Giles and Bullis, is as follows: The officers were on night duty in the city of Amarillo. They observed appellant and four or five other Mexicans standing in front of a dance hall about eleven o'clock at night. A bottle was being passed among members of the group. The officers approached to investigate. They both testified that when they got near the group appellant drew a pistol from his belt and presented it at Bullis, whereupon Giles grabbed the pistol and took it away from appellant. Appellant

denied that he drew the gun on the officers, but claimed that one of the officers took it from appellant's belt, and arrested him. Some of the other Mexicans present supported appellant on this point. Appellant defended on the ground that he was negotiating with one Pisceno to sell him the pistol and at the latter's request appellant had started to Pisceno's house to let him see the pistol, and had stopped in front of the dance hall to speak to a friend who hailed appellant as he was passing.

Appellant requested four special charges, the first of which the court gave, and which presented appellant's defensive issue in the following language, which was chosen by appellant's counsel: "You are further charged that if you find and believe from the evidence that the defendant was carrying said pistol on or about his person from his home on Houston Street to Pisceno's home on Arthur Street for the purpose of concluding a sale of said pistol with Pisceno, and went from one of the said places to the other in the most commonly pursued route, then the defendant would not be guilty of unlawfully carrying a pistol, or if you have a reasonable doubt on this point, it will be your duty to acquit the defendant."

Special charge number three was substantially the same as embraced in the one given. It was not necessary to repeat the instruction.

By special charge number two appellant sought to have the jury told they should not consider any acts of his prior to or at the time of his arrest as any evidence of guilt. This instruction was properly refused.

Special charge number four was a general instruction advising the jury that they were limited in their deliberation to the facts and circumstances developed by the evidence. While perhaps not inappropriate, we cannot hold its refusal to have been such an error as requires reversal.

There is in the record only one bill of exception, which contains four subdivisions; each relating to different subjects. It is doubtful if the bill should be considered in the form in which it appears. However, giving appellant the benefit of the doubt, we observe that in the first subdivision appellant complains that when he called the witness Pisceno the court was advised that probably an interpreter would be necessary; the court remarked, "Ah, come on. These Mexicans can talk English as good as anybody. He is just stalling." The bill recites that appellant objected to the remark and requested the court to instruct the jury not to consider it. There is no recital in the bill that the jury heard the remark or that it was made in the

jury's presence. While having no proper place in the statement of facts we observe therein a showing that when the court undertook to administer the oath to the witness Pisceno the court found it necessary to have an interpreter. This being so, it would have discounted the court's remark even if the jury heard it. We are not to be understood as approving the court's statement.

Subdivisions two and three of the bill related to matters already considered in discussing special requested charges numbers two and four.

We do not regard the argument of the county attorney complained of in the fourth subdivision of the bill as of sufficient moment to require discussion.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes rather an extended motion, and each point made has been carefully considered. It would be manifest that a remark made by a trial court during the progress of a trial could not be made ground of complaint as affecting the rights of the accused before the jury, unless and until it was shown in some manner that the remark was made in the presence and hearing of the jury. We could in no event attach the seriousness to the remark of the court, which is set out in our original opinion, which appellant imputes thereto.

Appellant presented to the trial court what is denominated "The requested charge of the defendant," which charge contained four separate paragraphs. Special charges are refused or given in the form as presented, and the trial court has no right to change or alter same. Manifestly the contents of said four paragraphs must be considered together, and the court did not err in declining to give same. It would have been clearly erroneous for the court to have instructed the jury that they could not consider any acts of the defendant prior to or at the time of his arrest by the officers as evidence of guilt of the unlawful carrying of the pistol. Plainly the jury were entitled to consider what was said and done by the accused coincident with his arrest, such as an attempt to unlawfully use said pistol, etc.

Being unable to agree with the contentions made in the motion, same will be overruled.

*Overruled.*